## KILBURN v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 2, 1953.

Vernon Faulkner, Hazard, Emmett Fields, Whitesburg, for appellant.

J. D. Buckman, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Nell Kilburn was indicted by the Perry County grand jury, during the May term of 1952, on a charge of knowingly receiving stolen property of the value of more than $20, a crime denounced by KRS 433.290. She was tried, found guilty and sentenced to one year in the penitentiary. She has appealed from the judgment entered, contending the verdict is not supported by the evidence.

The Commonwealth established that on or about May 21, 1952, the store of one Isaac Howard located in a remote section of Perry County was broken into and looted of such merchandise as men's, women's and children's wearing apparel, as well as numerous bolts of cloth. The goods were transported from the scene of the theft on the backs of a horse and a mule. The tracks of these animals were followed the next morning by Howard and they led toward appellant's home situated on Mases Creek in the same county. The store owner promptly obtained a search warrant and, in company with a deputy sheriff of Perry County, proceeded to appellant's house for the purpose of searching it. Upon their arrival the two men entered the dwelling and discovered a great number of new articles hidden about the various rooms. Howard identified the goods found in appellant's possession as part of those stolen and fixed their value at approximately $300. The foregoing facts growing out of the search were corroborated by the testimony of C. J. McCarty, the deputy who accompanied Howard.

Appellant's version as to how she had come by the stolen property is briefly as follows: She stated that Floyd Grindstaff, a man of about twenty years of age, who later confessed to breaking in the store and stealing the goods and whom until just before the theft she had employed to work her farm, came to her home with the merchandise at about 9 o'clock on the night of May 21st. He told appellant that his aunt in Tennessee had sent the articles to him and that he wished to sell them for $50 in order to raise money for a job-seeking trip up into Ohio. Appellant had no cash on hand; in fact, she was on relief at the time. According to her, Harlan Farler, another employee of appellant who was then staying with her, came forth with the $50 which she used to make the purchase. She denied having any knowledge that the merchandise had been stolen. She said that "it didn't come into my mind that the boy had stolen it, because everybody said he was a good boy."

In view of the evidence as we have outlined it, was the trial court justified in allowing the jury to pass on appellant's guilt or innocence?

Under KRS 433.290 the possession of stolen goods by a person is prima facie evidence of that person's guilt. In an effort to overcome the force and effect of this section appellant maintains it was not proven she received the property with evil intentions, so that the trial court erred in refusing to direct a verdict of acquittal. We are not persuaded by this argument.

The conditions under which the merchandise was found in appellant's home when it was searched belie her explanation of blamelessness. Practically all of the stolen articles had been concealed by her or at least with her knowledge. More than that, appellant admittedly knew that Grindstaff was in no financial position to have obtained these goods by purchase, and to a reasonable mind the large amount and the nature of the merchandise he took to her house would imply illegal obtention. Nor can we overlook the fact that these goods were brought to appellant under cover of darkness. Even when we consider the evidence in the light most favorable to appellant, we cannot rid our minds of the inference of guilt that attaches to her conduct. Under such circumstances it would have been manifest error for the trial court to have invaded the province of the jury by removing the case from their consideration.

Wherefore, the judgment is affirmed.